OPINION
Appellant, David Solis ("appellant"), appeals from the judgment of the conviction and sentence entered upon his guilty plea to one count of attempted rape, a felony under R.C. 2923.02 (A). On March 27, 2000, Attorney George E. Lord filed a brief on behalf of appellant pursuant to Anders v. California (1967), 386 U.S. 738. Attorney Lord thereafter moved to withdraw his counsel for appellant. Anders established five criteria which must be met before a motion to withdraw by appellate counsel may be granted: The five criteria are:
 1. A showing that appellant's counsel thoroughly reviewed the transcript and record in the case before determining the appeal to be frivolous;
 2. A showing that a motion to withdraw has been filed by appellant's counsel;
 3. The existence of a brief filed by appellant's counsel raising any potential assignments of error that can be argued on appeal;
 4. A showing that appellant's counsel provided a copy of the brief which was filed to the appellant; and,
 5. A showing that appellant's counsel provided appellant adequate opportunity to file a pro se brief raising any additional assignments of error appellant believes the appellate court should address.
State v. Martin (February 25, 1999), Lucas App. No. L-92-239, unreported.
Upon review of the record, we find Attorney Lord complied with the procedure set forth in Anders and served appellant a copy of the Anders brief and his motion to withdraw as counsel. Although permitted to do so, and having been advised of his right to file his own pro se brief, appellant has not exercised that right. In reviewing the motion to withdraw, the brief on behalf of appellant, and subsequent filings with the court, it appears that appellant's counsel thoroughly reviewed the transcript and the record in this case before determining the appeal to be frivolous. It also appears Attorney Lord has complied with the other Anders' criteria set forth herein above. As such, this court hereby grants Attorney Lord's motion to withdraw. Now, in accordance with Anders, this court has conducted an independent examination of the entire record in this matter, including but not limited to, the transcript of proceedings. Upon such review, we agree with the conclusion of appointed counsel for appellant that there are no arguably meritorious issues or errors that occurred during the proceedings before the Delaware County Court of Common Pleas to be raised or decided on appeal. Instead, it appears appellant was indicted for two counts of rape in violation of R.C. Section2907.02 (A)(1)(b), one count of attempted rape, in violation of R.C. Section 2923.02 (A), and one count of gross sexual imposition in violation of R.C. Section 2907.05 (A)(4). On the same day trial was to convene, appellant's attorney and the Delaware County Prosecutor entered into Crim.R. 11 (F) negotiations wherein it was agreed that appellant would enter a plea to one count of attempted rape. In return for this plea, it was specifically agreed that appellant and the State would recommend to the Common Pleas Court a prison term of two years and the State would dismiss the remaining charges against appellant. Both the transcript of proceedings and the judgment entry accepting appellant's guilty plea demonstrate appellant was advised, prior to entering his guilty plea, that the Common Pleas Court had the right to impose a sentence greater than recommended by the State. It also clearly appears appellant was further advised of all his constitutional rights with respect to his guilty plea and he made such plea knowingly and voluntarily. It further appears the trial court acted within its discretion in sentencing appellant to six years of incarceration.
Therefore, the judgment of conviction and sentence entered in the Delaware County Court of Common Pleas is hereby affirmed.
Gwin, P.J., and Farmer, J., concur